# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TIMOTHY LEWIS HANKE,

       Appellant,

       v.

OFFICE OF PERSONNEL
   MANAGEMENT,

       Agency.

DOCKET NUMBER
PH-0842-22-0187-X-1

DATE: May 1, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Timothy Lewis Hanke</u>, Newburyport, Massachusetts, pro se.

<u>Angerlia D. Johnson</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

On April 26, 2023, the administrative judge found the agency in noncompliance with the November 30, 2022 initial decision, which ordered the agency to approve the appellant's application for immediate retirement and calculate his annuity accordingly. *Hanke v. Office of Personnel Management*,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

MSPB Docket No. PH-0842-22-0187-I-1, Initial Appeal File (IAF), Tab 9, Initial Decision (ID); *Hanke v. Office of Personnel Management*, MSPB Docket No. PH-0842-22-0187-C-1, Compliance File (CF), Tab 5, Compliance Initial Decision (CID). For the reasons below, we now find the agency in compliance and DISMISS the appellant's petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

On May 5, 2022, the appellant filed an appeal challenging the April 7, 2022 decision of the Office of Personnel Management (OPM) denying his application for immediate retirement. IAF, Tab 1. In the November 30, 2022 initial decision, the administrative judge found that the appellant had established that he was eligible for immediate retirement, and ordered OPM to approve his application and calculate his annuity accordingly. ID at 4. Because neither party filed a petition for review, the initial decision became the Board's final order on January 4, 2023. *See* 5 C.F.R. § 1201.113.

On January 19, 2023, the appellant filed a petition for enforcement, alleging that OPM had failed to take any action to comply with the initial decision. CF, Tab 1. On April 26, 2023, the administrative judge issued a compliance initial decision noting that OPM had failed to respond to the allegations of noncompliance and granting the appellant's petition for enforcement. CID at 2-3.[2]

---

[2] The compliance initial decision informed the agency that if it decided to take the actions required by the decision it must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that it has taken the actions identified in the compliance initial decision, along with evidence establishing that it has taken those actions. CID at 4-5; *see* 5 C.F.R. § 1201.183(a)(6)(i). The compliance initial decision also informed the parties that they could file a petition for review if they disagreed with the compliance initial decision. CID at 4, 11; *see* 5 C.F.R. §§ 1201.114(e), 1201.183(a)(6)(ii). Neither party petitioned for review of the compliance initial decision.

## ANALYSIS

The agency bears the burden of proving that it has complied with a Board order. *Mercado v. Office of Personnel Management*, 115 M.S.P.R. 65, ¶ 4 (2010). The agency is required to produce relevant, material, and credible evidence of compliance in the form of documentation or affidavits. *Spates v. U.S. Postal Service*, 70 M.S.P.R. 438, ¶ 9 (1996). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

On May 24, 2023, the agency filed a statement of compliance, informing the Board that it had complied with the final decision by approving the appellant for immediate retirement and paying his annuity retroactively from November 1, 2021. *Hanke v. Office of Personnel Management*, MSPB Docket No. PH-0842-22-0187-X-1, Compliance Referral File (CRF), Tab 1 at 2. As evidence of compliance, the agency submitted a "master record printout" showing that the agency had paid the appellant a net amount of $6,586.16 on May 15, 2023, as a retroactive annuity payment, and had scheduled a net monthly annuity payment of $433.28. *Id.* at 5. The agency also included a computation of the gross retroactive annuity payment due to appellant. *Id.* at 6.

Also on May 24, 2023, the Board issued an Acknowledgement Order noting the agency's filing and informing the appellant that he must file any response within 20 calendar days. CRF, Tab 2 at 2. The order specifically informed the appellant that if he failed to file a response, the Board might assume he was satisfied and dismiss the petition for enforcement. *Id.*

The appellant has not responded to the agency's statement of compliance.

Thus, the agency has filed detailed documentation and a narrative statement asserting compliance to which the appellant has not responded, despite being apprised that the Board might construe lack of response as satisfaction with the agency's actions.

Accordingly, we find that the agency is now in full compliance with the November 30, 2022 decision, and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of the issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.